UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RICHARD GAMBOA** * **DOCKET NO. 07-0316**

**VERSUS** * **JUDGE JAMES**

**DHL EXPRESS (USA), INC., ET AL.** * **MAGISTRATE JUDGE HAYES**

## MEMORANDUM RULING

The above-captioned case was removed to federal court on the basis of complete diversity between the parties. 28 U.S.C. § 1332. On July 5, 2007, plaintiff amended his complaint to join a non-diverse party, Direct Consulting Solutions. [doc. # 16]. On August 7, 2007, the court directed the parties to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. (August 7, 2007, Show Cause Order).[1] The objection period has since elapsed, and no opposition has been filed.[2]

Section 1447(e) provides that

> [i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

[2] As this is not one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

28 U.S.C. § 1447(e).

When a non-diverse defendant is joined post-removal, then diversity jurisdiction is destroyed and remand is required. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999). The same result obtains here.

Accordingly, a separate judgment shall issue, remanding this case to the 6th Judicial District Court for the Parish of Madison, State of Louisiana, from whence it was removed.

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of August, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE